UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| LEBAMOFF ENTERPRISES, INC. d/b/a CAP 'N CORK, RANDY LEWANDOWSKI, and LUTHER STRODER, | ) ) ) ) | |
| *Plaintiff*, | ) ) | 1:09-cv-744-JMS-TAB |
| *vs.* | ) ) ) | |
| P. THOMAS SNOW, IN HIS OFFICIAL CAPACITY AS CHAIRMAN OF THE INDIANA ALCOHOL & TOBACCO COMMISSION, | ) | |
| *Defendant*. | | |

## ORDER

Plaintiffs Lebamoff Enterprises, Inc. d/b/a Cap N' Cork, Randy Lewandowski, and Luther Stroder ("Cap 'N Cork") brought this action against P. Thomas Snow, in his official capacity as Chairman of the Indiana Alcohol & Tobacco Commission ("ATC"), challenging the constitutionality of Ind. Code § 7.1-3-15-3(d), which only allows wine dealers to make off-premises deliveries through one of its permitted employees. The parties filed cross-motions for summary judgment, and the Court issued final judgment in favor of ATC. [Dkt. 46.] Presently before the Court is Cap 'N Cork's Motion for Reconsideration. [Dkt. 47.]

### DISCUSSION

Cap N' Cork asks the Court to reconsider its order granting ATC summary judgment or, alternatively, to stay the order pending appeal. [Dkt. 47 at 1-9, dkt. 45.]

**A) Reconsidering the Court's Order**

A motion to reconsider is appropriate where the court has "misunderstood a party," "made a decision outside the adversarial issues presented," "made an error of apprehension (not of reasoning)," or "where a significant change in the law has occurred, or where significant new facts have been discovered." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185,

1191 (7th Cir. 1990). A motion for reconsideration must do more than simply "rehash[] the merits of the case based on the existing record." *Tokh v. Water Tower Court Home Owners Ass'n*, 327 Fed.Appx. 630, 631 (2009).

According to Cap N' Cork, the Court should reconsider this case because it erroneously employed the balancing test established in *Pike v. Bruce Church, Inc.,* 397 U.S. 137 (1970), failed to make all reasonable inferences in the light most favorable to Cap 'N Cork, and contravened the Supreme Court's holding in *Granholm v. Heald*, 544 U.S. 460 (2005). Additionally, Cap 'N Cork presents several pending bills that have been introduced—that it contends bear on the General Assembly's intent in enacting § 7.1-3-15-3(d). [Dkt. 49-1-4.]

First, Cap 'N Cork argues that the Court inappropriately employed the *Pike* balancing instead of strict scrutiny à la *Granholm*. It accuses the Court of failing to consider that a statute with discriminatory effects—not merely one that is facially discriminatory—is also subject to strict scrutiny analysis. [Dkt. 47 at 2-3.] String-citing to a list of out-of-circuit cases, Cap 'N Cork then argues that this law discriminates in practical effect and that the Court should therefore have analyzed it under strict scrutiny.

Cap N' Cork, however, has failed to recognize the law of *this* circuit, which the court discussed and applied in its ruling. As the Court previously stated, "Whether strict scrutiny is a proper analytical tool in this context rests principally on whether a law directs alcohol produced out-of-state to be treated differently than that produced in-state." [Dkt. 45 at 11, citing to *Granholm*, 544 U.S. at 498.] Cap 'N Cork has made no showing at any point during this litigation that the statute at issue is discriminatory—either on its face *or* in its effect. Indeed, as the Court has already explained in detail, this statute does not escape strict scrutiny merely because it is "not facially discriminatory;" rather, it is subject to *Pike* because it "regulates even-handedly."

[Dkt. 45 at 11, citing to *Pike,* 397 U.S. at 142.]  The Court will not consider Cap 'N Cork's rehashing of an argument that failed the first time around. *Tokh v. Water Tower Court Home Owners,* 327 Fed.Appx. at 631.

Second, Cap 'N Cork argues that when reviewing ATC's motion, the Court did not construe the facts in the light most favorable to Cap 'N Cork.  [Dkt. 47 at 5.]  Specifically, Cap 'N Cork claims that "its evidence showed that banning common carrier deliveries has a substantial adverse impact on interstate commerce by decreasing selection, raising prices, closing market access to many small wineries, and halting $1.5 million in annual wine sales to Cap 'N Cork." [*Id.*]  Likewise, Cap 'N Cork claims to have provided evidence that "the rule did little to advance the state's purpose of preventing youth access because minors rarely try to order wine for home delivery in the first place, other states that allow such deliveries have reported few or no problems, and UPS checks IDs in a face-to-face transaction upon delivery."  [*Id.*]  The affidavits ATC offers pale by contrast, Cap 'N Cork argues.

As Cap 'N Cork correctly states (as did the Court in its order, [dkt. 45 at 2]), on cross-motions for summary judgment, the Court is required to evaluate cross-motions independently and to "construe all facts and reasonable inferences in favor of the nonmoving party" in each instance. *Singer v. Raemisch*, 593 F.3d 529, 533 (7th Cir. 2010).  In reviewing the record, however, the Court gave Cap 'N Cork more weight than its scant and unorganized presentation warranted.  Cap 'N Cork did not submit a single piece of evidence to support its claim that this law would have the effect of "closing the market to small wineries," or of "halting the . . . wine sales" to Cap 'N Cork.  Cap 'N Cork simply established that it doesn't want to spend the money to personally deliver wine – in the requisite face-to-face manner – outside the vicinity of its current retail locations.  It hasn't introduced any evidence that small or large wineries won't be able

to deliver to Indiana consumers, or that any consumer has been unable to receive the wine they want delivered. Despite the Court's favorable inferences, Cap 'N Cork's inconsequential showings, coupled only with two national reports that do not address § 7.1-3-15-3(d) whatsoever, are not enough to show that this law in fact discriminated against out-of-state entities, let alone that it is unconstitutional. The affidavits offered by ATC, on the other hand, provide direct evidence that the face-to-face delivery requirement effectuates a legitimate local interest (and, as the Court stated in its order, ATC was not required to show that § 7.1-3-15-3(d) is flawless). [Dkt. 45 at 18, citing to dkt. 28-1 at 2-3.] *See also Baude*, 538 F.3d at 613. As the Court made clear, "the Court's favor toward the non-moving party does not extend to drawing inferences that are supported by only speculation or conjecture." *Singer*, 593 F.3d at 533. Cap N' Cork's failure to come forth with admissible evidence at the summary judgment stage was fatal, and the Court will not reconsider its order simply because Cap 'N Cork thinks its bare allegations should be given more weight. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Additionally, Cap 'N Cork argues that the Court "evaluated important evidence inconsistently with the Supreme Court and Seventh Circuit precedent." [Dkt. 45 at7.] Specifically, it argues, that in undertaking *Pike* balancing, the Court should not have considered the mere "conclusory statements" of the excise officers as evidence of the putative local benefit the face-to-face requirement of § 7.1-3-15-3(d) requires. [Dkt. 47 at 8.] Citing to *Baude v.Heath*, 538 F.3d 608, 612 (7th Cir. 2010), Cap 'N Cork argues that ATC's "bald assertions" are not enough to overcome Cap 'N Cork's motion for summary judgment. [*Id.*]

In making this argument, however, Cap 'N Cork undermines its own understanding of the case to which it cites: The *Baude* court clearly held that "keeping alcohol out of minors' hands is a legitimate, indeed a powerful, interest." [Dkt. 45 at 17, citing to 538 F.3d at 613.] Likewise,

the *Baude* court also made explicit, "when challenging a law that treats in-state and out-of-state entities identically, whoever wants to upset the law bears the[] burden" of showing that the law is unconstitutional." 538 at 613.  Moreover, just as when reviewing ATC's motion, the Court made all reasonable inferences for Cap 'N Cork, when reviewing Cap 'N Cork's motion, the Court reviewed the evidence in the light most favorable to ACT.  *Singer*, 593 F.3d at 533.  Because Cap 'N Cork failed to come forth with sufficient evidence to support its claim of unconstitutionality, the Court will not reconsider granting ATC's motion.

Cap N' Cork further argues that "the [C]ourt's conclusion that banning direct shipping[1] significantly reduces youth access is not only unsupported by evidence, it is inconsistent with the Supreme Court's holding in *Granholm*[]" because that case took into consideration the national reports that Cap 'N Cork submitted as evidence. [Dkt. 47 at 8.]

The Court, however, acknowledged the existence of these reports in considering the potential burden imposed by § 7.1-3-15-3(d) but found them ultimately irrelevant because neither of these reports address the specific circumstances in Indiana.  [Dkt. 45 at 20-21.]  Furthermore, although the Court credited *Granholm* for galvanizing the constitutionality of the three-tier system, [*id.* at 10], it did not rely exclusively on *Granholm* because that case is easily distinguished from this one for the reasons previously stated.  [*Id.* at 9-10.]

Moreover, despite Cap 'N Cork's unsupported contention that *Baude* was "a different case that involved an entirely different record and different issue," [dkt. 47 at 6], this Court

---

[1] The Court once more reminds Cap 'N Cork that a general ban on direct shipment is not at issue in this litigation.  Cap N' Cork has not challenged Indiana Code § 7.1-5-11-1.5(a), which generally bans the direct shipment of all alcoholic beverages directly to Indiana consumers unless a permittee holds a direct wine seller's permit issued pursuant to Indiana Code § 7.1-3-26—a permit which no wine retailer, or any other alcoholic beverage retailer or dealer is eligible to hold. [Dkt. 45 at 6, citing to Ind. Code § 7.1-5-11-1.5(a).]  Cap 'N Cork's consistent reference to this law as "banning direct shipment" is incorrect.

maintains that the issue the Seventh Circuit confronted in *Baude* is analogous to this one. [*Id.*, (citing to 538 F.3d at 476).] As the Court noted in its order, *Baude* addressed a statute which required face-to-face age verification by any winery holding a direct wine shipper's permit (inside or outside Indiana); the challenged statute applied equally to all buyers; and the plaintiff asserted that a face-to-face requirement on sellers was a undue burden on interstate commerce that was not outweighed by the local interest in reducing access to alcoholic beverages by minors. [*Id.* at 15, (citing to *Baude,* 538 F.3d at 611).] Because *Baude* and the case at bar are analogous—and to the extent that they differ, the *Baude* statute created an even greater burden on interstate commerce—this Court's reliance on *Baude's* authority was proper and does not warrant reconsideration.

Finally, in an addendum to its motion to reconsider, Cap 'N Cork introduces for the first time House Bills 1080-1081 and Senate Bill 133, any of which could modify the language of the existing wine statutes, but none of which has actually been passed by the legislature. Cap 'N Cork offers these bills to "at a minimum cast new doubt on the [ATC]'s claim that prohibiting common carrier deliveries through the fulfillment process is necessary to advance its interest in restricting youth access." [Dkt. 52 at 2.]

Cap 'N Cork makes no showing, however, that any of the draft provisions would eventually affect Ind. Code § 7.1-3-15-3(d). Moreover, based on the test properly employed by the Court, ATC's burden is not to show that the license requirement is "necessary to advance its interest"—rather, it is Cap 'N Cork's burden to show that the law at issue does not "effectuate a legitimate local public interest" or that the "burden imposed on such commerce is clearly excessive in relation to the putative local benefits." *Pike*, 397 U.S. at 142. Moreover, the Supreme Court has made clear that "the task of analyzing a proposed statute . . . before the statute is put

into effect is rarely if ever an appropriate task for the judiciary." *Younger v. Harris*, 405 U.S. 37, 52 (U.S. 1971). None of the legislation Cap 'N Cork offers, all of which is subject to change, and none of which is currently law, is relevant to the Court's decision in this case.

Because Cap 'N Cork has made no showing that the Court misunderstood a party, made a decision outside the adversarial issues presented to the court by the parties, made an error of apprehension, or that significant change of law or fact has occurred, its motion for reconsideration is properly denied. *Bank of Waunakee*, 906 F.2 at 1191.

**B) Staying the Order Pending Appeal**

A motion to stay a district court ruling pending appeal "is a request for extraordinary relief." *Chan v. Wodnicki*, 67 F.3d 137, 139 (7th Cir. 1995); *see also Hinrichs v. Bosma*, 410 F.Supp. 2d 745, 748-49 (S.D. Ind. 2006) ("a stay is considered extraordinary relief for which the moving party bears a 'heavy burden'"). Under Fed. R. Civ. P. 62(c) and Fed. R. App. P. 8(a), such extraordinary relief is appropriate only where a movant demonstrates the propriety of a stay according to the balance of four factors: (1) the movant's likelihood of success on the merits; (2) the likelihood of irreparable injury to the movant absent a stay; (3) whether a stay will substantially injure other parties to the litigation; and (4) "where the public interest lies." *Glick v. Koenig*, 766 F.2d 265, 269 (7th Cir.1985).

Cap N' Cork requests a stay pending appeal or pending the potential passage of the pending litigation in a single paragraph, without so much as a nod to the standard for obtaining a stay. [Dkt. 47 at 9.] In furtherance of their request, Cap 'N Cork merely argues that "hundreds of Indiana consumers . . . will be affected by the ultimate decision." [*Id.*] Although this scant argument is supplemented by proposed legislation that is currently under consideration, it has done no more to show how—even if these bills are passed as written—this would alleviate any "irreparable injury" that Cap 'N Cork would face while the legislation is pending. Without giv-

ing this Court any reason to believe it will be likely to succeed on appeal, that it will be injured absent a stay, that other parties to the litigation will not be similarly injured, or that the public interest lies in the stay, it fails to meet any of the four required showings—much less all of them. *Glick*, 766 F.2d at 269.

The Court therefore finds that Cap 'N Cork has wholly failed to make the requisite showing to justify a stay pending appeal.

## CONCLUSION

For the going reasons the Court **DENIES** Cap 'N Cork's motion for reconsideration and its request for a stay pending appeal. [Dkt. 47.]

02/09/2011

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only:**

Robert David Epstein
EPSTEIN COHEN DONAHOE & MENDES
rdepstein@aol.com

Jason A. Flora
EPSTEIN COHEN DONAHOE MENDES & SEIF
jason.flora@gmail.com

James J. Hutton
OFFICE OF THE INDIANA ATTORNEY GENERAL
james.hutton@atg.in.gov

James Alexander Tanford
INDIANA UNIVERSITY SCHOOL OF LAW
tanford@indiana.edu